# IN THE COURT OF APPEALS OF IOWA

No. 22-0218
Filed April 13, 2022

**IN THE INTEREST OF A.M.,**
**Minor Child,**

**C.F., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Story County, Stephen A. Owen, District Associate Judge.

A mother appeals the termination of her parental rights to a child. **AFFIRMED.**

Brian T. Bappe of Bappe Law Office, Nevada, for appellant mother.

Thomas J. Miller, Attorney General, and Toby J. Gordon, Assistant Attorney General, for appellee State.

Andrew Meyer of Newbrough Law Firm, LLP, Ames, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to a child, born in 2020. She contends (1) the department of human services failed to make reasonable efforts toward reunification; (2) termination was not in the child's best interests; and (3) she should have been afforded an exception to termination based on her bond with the child.

Shortly after his birth, the child "suffered severe head and lung injuries at the hands of his father."[1] *A.M.*, 2021 WL 5106043, at *1. The district court ordered the child removed from parental care. The parents stipulated to his adjudication as a child in need of assistance. The court later afforded the mother a six-month extension to facilitate reunification. In time, the court ordered termination of her parental rights. The child remained out of the mother's care from the time of removal through the termination hearing thirteen months later.

The mother does not challenge the ground for termination cited by the district court. *See* Iowa Code § 232.116(1)(h) (2021) (requiring proof of several elements, including proof the child cannot be returned to parental custody). But her challenge to the department's reasonable-efforts obligation is effectively a challenge to that ground. *See In re C.B.*, 611 N.W.2d 489, 492–93 (Iowa 2000) (noting certain specified grounds for termination "contain a common element which implicates the reasonable effort requirement" and stating, "The State must show

---

[1] The father's parental rights were terminated before the mother's. He appealed, and this court affirmed the termination. *In re A.M.*, No. 21-1225, 2021 WL 5106043, at *5 (Iowa Ct. App. Nov. 3, 2021). An earlier opinion addressed service of process on the father. *See In re A.M.*, No. 21-0772, 2021 WL 3660866, at *1 (Iowa Ct. App. Aug. 18, 2021).

reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent.").[2] We will consider the mother's reasonable-efforts argument in that context.

The mother appears to argue that she was entitled to more visits with the child. At the same time, she testified there were no services the department should have offered that it did not. In any event, the mother failed to fully participate in the visits she was given. The department case manager testified she was scheduled for eighteen visits between the previous hearing and the termination hearing and she only attended "one or two." In light of her minimal participation in scheduled visits, we conclude the department did not violate its reasonable-efforts mandate by failing to increase the number of visits. We further conclude the State proved that the child could not be returned to her custody as required by section 232.116(1)(h).

Termination must be in the child's best interests. *See* Iowa Code § 232.116(2). The mother argues termination was not in the child's best interests because "she had routine contact with the child and she was an active participant in visitation services." The number of missed visits undercuts that assertion. The mother also contends the child's father was the parent who was responsible for the abuse. True. But the department reported that she "continue[d] to support [the child]'s abuser" and had not "gained insight into how continuing a relationship with [the child's] abuser put [the child] in harm's way." In the department words, the mother "minimize[d] the abuse [the child] endured."

---

[2] The lettering of those grounds was modified following the court's opinion in that case.

The mother conceded she "sided with" the father when the department tried to "blame" him, even though the child "ended up in the hospital near dead." Her belated recognition that there was "no excuse for" that is less persuasive than the department's assessment of her caretaking abilities. The agency reported that she could not "be relied upon to meet all of [the child's] daily needs and assure [the child's] medical needs" were "met on a consistent basis." The case manager testified, the child would "likely always have these needs" and, given the mother's "lack of engagement . . . throughout the case," reunification would place him "at significant risk of harm."

Six additional months of services would not have alleviated the concerns, as the mother urges. The mother received a six-month extension, and her participation in services during that period waned rather than improved. On our de novo review, we conclude termination was in the child's best interests.

We are left with the question of whether an exception to termination was warranted based on the parent-child bond. *See id.* § 232.116(3)(c). The child was removed from parental care less than three weeks after his birth. The department reported that while the mother was "able to be attentive and affectionate towards" the child during supervised visits, she appeared "to have more of a sibling attachment . . . than a parent-child bond." Given the child's serious medical needs and the mother's disengagement from services designed to attune her to those needs, we conclude the exception to termination was appropriately not invoked.

We affirm the termination of the mother's parental rights to the child.

**AFFIRMED.**